UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAEED KAID, #78600-054,

        Plaintiff,

    -vs-

DAVID AKINS,

        Defendant.
_____

No. 15-CV-1024(RJA)(HBS)
**Report and Recommendation**

**I.    Introduction**

This case has been referred to the undersigned by Hon. Richard J. Arcara for all pre-trial matters, including preparation of a Report and Recommendation on dispositive motions. (Dkt. No. 6.) Currently pending before the Court is the Defendant's motion for summary judgment. (Dkt. No. 39.)

For the reasons that follow, the Court recommends that the Defendant's motion be granted in its entirety.

**II.    Background**

The following facts are drawn from Defendant's Local Rule 56(a)(1) statement of facts and supporting exhibits.

The Local Rules require the party opposing summary judgment to submit a Local Rule 56(a)(2) Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 statement and responding to the facts set forth by the moving party. Further, "[e]ach numbered paragraph in the moving party's statement of material

1

facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Loc. R. Civ. P. 56(a)(2).

Although Plaintiff was furnished with notice of this requirement (Dkt. No. 40), and the Court afforded him multiple extensions of time within which to respond (Dkt. Nos. 41–46), he has not submitted any statement in opposition to Defendant's motion for summary judgment. Accordingly, Defendant's properly supported facts are deemed admitted. See Loc.R.Civ.P. 56(a)(2).

### A. Relevant Parties and Pleadings

Plaintiff Saeed Kaid ("Plaintiff") was incarcerated at the Chemung County Correctional Facility ("CCCF") from March 18, 2013, through March 20, 2014. Defendant David Akins ("Defendant") was at all times relevant hereto a corrections officer with the Chemung County Sheriff's Office ("Sheriff's Office"), assigned to CCCF.

Plaintiff was brought to CCCF after being arraigned for two felony counts of drug possession and failing to post bail or bond. He remained incarcerated while those charges were pending until his transfer to another facility on March 21, 2014.

Plaintiff's complaint (Dkt. No. 1) brings claims arising under 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, and excessive force, stemming from the incident detailed below.

### B. May 12, 2013 Incident

On May 12, 2013, Defendant was working as a corrections officer at CCCF, assigned to Post 31, Plaintiff's housing unit. At approximately 9:30 a.m., Defendant observed another inmate, John Peckham ("Peckham"), walking or crawling on his hands

and knees, and looking near the bottom of a door to an adjacent cell, which was occupied by Plaintiff. It had previously been brought to Defendant's attention that Plaintiff had been passing notes to Peckham in a similar manner in recent days. Defendant approached Peckham, who was standing in the far corner of his cell, and ordered him to turn around. When Peckham complied, Defendant could see a small piece of paper in his hands. Upon Defendant's order to turn over the paper, Peckham handed Defendant a slim, narrow rolled piece of paper containing what appeared to be marijuana. The paper was a page (numbered 147) torn from a small soft-cover Bible. Defendant turned over the Bible page to Lt. Matthew Stevens ("Lt. Stevens"), from the Road Patrol Division of the Sheriff's Office for evidence. Lt. Stevens is not a party to this action.

Defendant proceeded to inspect and search both Plaintiff and Peckham's cells. In Plaintiff's cell, Defendant found a small, soft-cover Bible missing page 147.

Plaintiff and Peckham both cooperated and complied with Defendant. They were handcuffed and searched without incident or altercation. No force was applied during the searches.

Defendant provided a sworn statement and completed incident report to Lt. Stevens.

### C. Marijuana Charge

Lt. Stevens arrived at CCCF to investigate the substance and thereafter issued Plaintiff an appearance ticket charging him with unlawful possession of marijuana in violation of N.Y. Penal L. § 221.05. Plaintiff remained incarcerated at CCCF after the subject incident until his transfer to another facility on or about March 20, 2014.

Upon his admission to CCCF, Plaintiff acknowledged receipt of his copy of the inmate handbook setting forth grievance procedures. He had also prepared and filed numerous grievances during his time at CCCF. Yet Plaintiff did not file a grievance regarding the May 12 incident.

By letter dated October 2, 2013, the Chemung County District Attorney's Office requested that the charge of unlawful possession of marijuana be dismissed in the interest of justice and noted that Plaintiff was currently indicted on two B felonies for criminal possession of a controlled substance in Chemung County Court. In a letter dated October 8, 2013, Judge Ottavio Campanella granted the request and dismissed the charge.

Plaintiff remained incarcerated at CCCF while his prior felony charges were still pending. He was transferred to a New York state correctional facility in March 2014.

### III.  Discussion

#### A.  General Principles of Law

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). A "genuine" issue exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where, as here, a plaintiff is proceeding pro se, the Court will "liberally construe pleadings and briefs submitted by pro se litigants . . . . reading such submissions 'to raise the strongest arguments they suggest.'" Bertin v. United States, 478 F.3d 489, 492 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (internal citations omitted). However, even a pro se litigant cannot defeat a motion for summary judgment by relying upon conclusory statements or mere allegations unsupported by facts. Davis v. N.Y., 316 F.3d 93, 100 (2d Cir. 2002).

Section 1983 authorizes an individual who has been deprived of a federal right under the color of state law to seek relief through "an action at law, suit in equity, or other proper proceeding for redress." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). Two essential elements comprise a Section 1983 claim: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. Annis v. Cnty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998) (citation omitted).

Defendant now moves for summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) his claims of false arrest and malicious prosecution are barred because he was already incarcerated at the time of the May 12 incident; (3) his claims of false arrest and malicious prosecution fail as a matter of law because Defendant did not initiate the marijuana charge and because the arrest and charge were supported by probable cause; (4) Defendant is entitled to qualified immunity; (5) Plaintiff cannot prove the elements of malicious prosecution; and (6) there is no evidence that any force was used against Plaintiff by Defendant. (Dkt. No. 39-6 at 6–25).

## B. Plaintiff's Complaint

### 1. Exhaustion Requirement

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), requires an inmate plaintiff to exhaust his administrative remedies before suing under 42 U.S.C. § 1983 to complain about prison conditions. Defendant argues that plaintiff failed to exhaust his administrative remedies. (Dkt. No. 39-6 at 10–11.) Plaintiff claims in his complaint that he "exhausted his administrative remedies by appealing this claim, which was affirmed." (Dkt. No. 1 at 2, ¶ 9.)[1]

Here, CCCF had a grievance procedure in place at the time of the alleged incident, Plaintiff received a copy of the inmate handbook detailing such procedure, and Plaintiff had utilized the grievance procedure on multiple occasions. (Dkt. No. 39-4 at 96–120). Because Plaintiff did not file a grievance regarding the May 12, 2013 incident, despite being able to do so, he has failed to exhaust his administrative remedies. See Hill v. Curcione, 657 F.3d 116 (2nd Cir. 2011) ("There being no evidence that a grievance ever was filed against Williams by Hill, the exhaustion requirement of the PLRA has not been satisfied, and no genuine issue of material fact stands in the way of summary judgment in her favor."); Williams v. LaClair, 128 Fed. Appx. 792, 793 (2d Cir. 2005) (summary order) (summary judgment proper where record lacked evidence that plaintiff satisfied the

---

[1] The Court has scoured the record and cannot find any document or reference to any such "appeal." Moreover, in his response to Defendant's demand for documents, he stated that "there are no documents besides the complaint made by the plaintiff concerning the subject matter of this action." (Dkt. No. 38, ¶ 3.)

Plaintiff could be referring to the fact that his marijuana charge was ultimately dropped by prosecutors in Chemung County. Even assuming Plaintiff's purported "appeal" led to the dismissal of that charge, it would not constitute proper exhaustion because "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." Ruggiero v. Cnty. of Orange, 467 F.3d 170, 176 (2d Cir. 2006)

exhaustion requirements of § 1997e(a)).  The Court recommends that summary judgment is warranted in favor of Defendant on the basis of non-exhaustion.

### 2. False Arrest and Malicious Prosecution

The Court also agrees with Defendant's contention that Plaintiff's claims for false arrest and malicious prosecution should be dismissed because "[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests." Leniart v. Bundy, No. 09-CV-9, 2011 WL 4452186, at *7 (D. Conn. Sept. 26, 2011) (collecting cases); see also Arnold v. Geary, No. 09 CIV. 7299, 2013 WL 4269388, at *7 (S.D.N.Y. Aug. 16, 2013), aff'd, 582 Fed. Appx. 42 (2d Cir. 2014) (summary order) ("a demonstration of the deprivation of liberty interests is necessary to both a malicious prosecution and a false arrest claim"); accord Doe v. Selsky, 841 F. Supp. 2d 730, 732 (W.D.N.Y. 2012).

Plaintiff was incarcerated at CCCF awaiting trial for felony charges from an arrest occurring in March 2013.  When the charge of unlawful possession of marijuana was dismissed in October 2013, Plaintiff was still awaiting trial on two counts of criminal possession of a controlled substance in the third degree in Chemung County Court.  At that time, the Chemung County District Attorney's Office requested that the subject charges be dismissed in the interest of justice in light of Plaintiff's pending felony charges. Plaintiff was therefore not incarcerated for a longer duration as a result of the marijuana charge.  Stated somewhat differently, there was no deprivation of liberty interests as Plaintiff was already incarcerated on other charges, and his incarceration was not extended as a result of the marijuana charge.

Finally, Plaintiff's false arrest and malicious prosecution claims fail as a matter of law because he does not raise an issue of fact as to the existence of probable cause.

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks and citations omitted). To prevail on a claim of false arrest under New York law, "'a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" Jocks, 316 F.3d at 134–35 (quoting Broughton v. State, 37 N.Y.2d 451, 456 (1975).

Likewise, a plaintiff must prove the following elements to establish a claim of malicious prosecution: "(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice." Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009) (per curiam) (internal quotation marks and citation omitted).

The existence of probable cause is a complete defense to claims for false arrest and malicious prosecution under § 1983. Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014); see also Manganiello v. City of N.Y., 612 F.3d 149, 161–62 (2d Cir. 2010).

Probable cause exists when an officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Martinez v. Simonetti, 202

F.3d 625, 634 (2d Cir. 2000). Courts evaluating probable cause for an arrest must consider those facts available to the officer at the time of the arrest and immediately before it. Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990). Probable cause exists when there are "facts and circumstances sufficient to warrant a prudent man that the [suspect] had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (internal quotation marks and citation omitted). The probable cause inquiry is an objective one. Dukes v. City of N.Y., 879 F. Supp. 335, 340 (S.D.N.Y. 2005). Accordingly, "[p]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102–03 (2d. Cir. 2003).

Here, Plaintiff's neighboring cellmate was observed to be acting strangely and looking around the floor where his cell adjoined Plaintiff's. Defendant was informed that Plaintiff had been passing objects to Peckham in recent days. Upon a search of his cell, Peckham was found to be in possession of marijuana, rolled in a page taken from a Bible, numbered 127. A search of Plaintiff's cell revealed a small Bible missing page number 127. It was therefore reasonable for Defendant to believe that Plaintiff had passed the substance to Peckham, who was observed crawling on the ground in the area of Plaintiff's cell. (Dkt. No. 39-2.) The arrest and charge for unlawful possession of marijuana, a violation under the Penal Law, is therefore privileged. See N.Y. Penal L. § 221.05 ("A person is guilty of unlawful possession of marijuana when he knowingly and unlawfully possesses marijuana."); see also People v. Muhammad, 16 N.Y.3d 184, 188 (2011) ("Dominion or control is necessarily knowing, and such 'constructive possession' may qualify as knowing possession.").

Because Defendant had probable cause to believe that "a criminal offense has been or is being committed," Devenpeck v. Alford, 543 U.S. 146, 152 (2004), Plaintiff cannot maintain his claims of false arrest or malicious prosecution. It is therefore recommended that summary judgment be granted in favor of Defendant on these claims.

### 3. Excessive Force

The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). A use of force that rises to the level of a constitutional infirmity is that which is "repugnant to the conscience of mankind." Whitley v. Albers, 475 U.S. 312, 375 (1986) (internal quotations and citations omitted); see also Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992).

To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999). The objective element is "responsive to contemporary standards of decency" and requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." Hudson, 503 U.S. at 9 (internal citations omitted); Blyden, 186 F.3d at 262. The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." Sims, 230 F.3d at 21 (citation omitted).

With respect to the objective component, the record indicates that Plaintiff was cooperative with Defendant, and there is no evidence that any force was used at any point during their interaction. The report made by Defendant does not document any

altercation. (Dkt. No. 39-2.) Further, there is no evidence of any injury to Plaintiff, and he did not seek medical attention on the day of the incident. (Dkt. No. 39-3.)

There is no evidence of force, much less excessive force, present on this record. In light of that lack of evidence, nothing in the record would support a finding that Defendant unnecessarily and wantonly inflicted pain.

Because Plaintiff, despite many extensions, has failed to respond to Defendant's motion, he must rely on the allegations in the complaint, which state that he was "placed in handcuffs . . . thrown to the ground and kicked numerous time in the stomach and finally in the groin area." (Dkt. No. 1 at 2). But those allegations, absent a sworn declaration or affidavit, cannot be considered because "with a motion for summary judgment adequately supported by affidavits, the party opposing the motion cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). The same is true for pro se plaintiffs. See Belpasso v. Port Auth. of N.Y. & N.J., 400 Fed. Appx. 600, 601 (2d Cir. 2010) (summary order) (citing Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) ("[a] pro se plaintiff . . . cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor."). Plaintiff's bare allegations are insufficient here. The Court therefore recommends that summary judgment be entered in favor of Defendant on Plaintiff's claim of excessive force.

4. <u>Qualified Immunity</u>

Defendant asserts that he is entitled to qualified immunity on the claims in Plaintiff's complaint.[2] (Dkt. No. 39-6 at 16-20, 24–25). Because, as explained above, Plaintiff fails to reveal an issue of fact as to whether *any* force was used, much less excessive force, and also fails to state a constitutional violation on the false arrest and malicious prosecution claims, the Court does not address whether the officers are entitled to qualified immunity. See <u>Johnson v. Perry</u>, 859 F.3d 156, 169 (2d Cir. 2017) ("The doctrine of '[q]ualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'") (quoting <u>Reichle v. Howards</u>, 566 U.S. 658, 664 (2012)); <u>see also</u> <u>Kelsey v. Cnty. of Schoharie</u>, 567 F.3d 54, 62 (2d Cir. 2009) ("When the facts, viewed in light most favorable to the plaintiff, do not demonstrate that an officer's conduct violated a constitutional right, the court need not further pursue the qualified immunity inquiry.").

---

[2] "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." <u>Garcia v. Does</u>, 779 F.3d 84, 92 (2d Cir. 2014).

**IV. Conclusion**

For all of the above reasons, it is recommended that Defendant's motion for summary judgment be **GRANTED in its entirety** and Plaintiff's complaint be **DISMISSED in its entirety with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

With respect to Defendant's motion for summary judgment, **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. Proc. 72(b) and Local Rule 72(b).

The District Court ordinarily will refuse to consider on de novo review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the**

**provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Report and Recommendation and Order to Plaintiff and Defendant.

**IT IS SO ORDERED.**

                                                */s Hugh B. Scott*       .
                                                  HON. HUGH B. SCOTT
                                            United States Magistrate Judge

Dated: October 4, 2017
       Buffalo, New York